United States District Court
Southern District of Texas
**ENTERED**
October 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HUGO ARIEL GONZALEZ RODAS, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-01083 |
| | § | |
| WARDEN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's petition for a writ of habeas corpus. (D.E. 1). On July 14, 2026, an immigration judge ordered Petitioner removed from the United States. (D.E. 9-4). Petitioner did not timely appeal his removal order to the Board of Immigration Appeals (BIA). *Automated Case Information*, EOIR, https://acis.eoir.justice.gov/en/caseInformation (last accessed Oct. 6, 2026). Accordingly, his removal order is administratively final. *See* 8 C.F.R. § 1241.1(c) (explaining an order of removal becomes administratively final "[u]pon expiration of the time allotted for an appeal if the [the alien petitioner] does not file an appeal within that time"); 8 C.F.R. § 1003.38(b)(1)–(2) (providing for 10 or 30 days to appeal to the BIA from the immigration judge's decision depending on the case). Petitioner is now subject to a final order of removal under 8 U.S.C. § 1231. For the reasons below, the Court **DENIES as moot** Petitioner's habeas petition. (D.E. 1). The Court further **DENIES as moot** any remaining pending motions.

"A court lacks subject matter jurisdiction when a case becomes moot." *Stocker v. TDCJ Staff*, No. 2:23-CV-00248, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (Ramos, J.) (citations omitted). "Any prolonged detention claim related to a petitioner's prior detention under § 1225(b) becomes moot when the BIA's dismissal of [a petitioner's] appeal shifts their detention to the framework erected in § 1231." *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947 (S.D. Tex. 2020)

(Saldaña, J.) (citation modified); *see also Nyabwa v. Dep't of Homeland Sec. Immigr. & Customs Enf't Field Off. Dir.*, 537 F. App'x 451, 451 (5th Cir. 2013) (per curiam) ("Because [Petitioner] is no longer subject to the detention he challenged in his application [pre-removal order detention], his appeal of the district court's dismissal is moot.") (citing *Oyelude v. Chertoff*, 170 F. App'x 366, 368 (5th Cir. 2006)). Because Petitioner is now detained under § 1231, not § 1225(b), his challenge to his pre-removal order detention is moot. Accordingly, the Court **DENIES as moot** Petitioner's petition. (D.E. 1).

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 6th, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HUGO ARIEL GONZALEZ RODAS, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-01083 |
| | § | |
| WARDEN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**FINAL JUDGMENT**

Pursuant to the Court's Order denying as moot Petitioner's habeas petition, (D.E. 12), the Court enters final judgment dismissing with prejudice Petitioner's habeas petition. (D.E. 1). The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 6th, 2026